UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| CATHI L. JUDKINS, ) | |
| ) | Case No. _____ |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | 15 U.S.C. § 1692 *et seq*. |
| ) | |
| BROCK AND SCOTT ) | |
| HOLDINGS, INC., ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Cathi L. Judkins, by and through her undersigned counsel, Ruth Allen, Esquire, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Cathi L. Judkins, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50, *et seq*., and the North Carolina Consumer Economic Protection Act ("NCCEPA"), N.C. Gen. Stat. § 58-70-90, *et seq*.

1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District.

## III. PARTIES

4. Plaintiff, Cathi L. Judkins, is an adult natural person residing at 425 Battlefield Drive, Newton Grove, NC 28366. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Brock and Scott Holdings, Inc. ("Defendant"), at all times relevant hereto, is and was a law office engaged in the business of collecting debt within the State of North Carolina with its principal place of business located at 1315 Westbrook Plaza Drive, Winston-Salem, NC 27103.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about January 6, 2010, Defendant attempted to serve Plaintiff with a summons to appear before the court in Sampson County in regards to a debt allegedly owed to Arrow Financial Services, LLC.

2

8. Plaintiff resides in Johnston County.

9. Defendant is located in Forsyth County.

10. Summons was filed in Sampson County.

11. Plaintiff emphatically denies that she resides in Sampson County.

12. Summons was undeliverable and returned due to being filed in the wrong county. **See Exhibit "A" (service summary) attached hereto.**

13. Defendant appears to have filed in Sampson County due to its proximity to Forsyth County making it more convenient for its purposes.

14. This is a violation of The FDCPA because it requires for consumer debt law suits to be filed either where the consumer resides or where the contract was signed.

15. On or about December 4, 2009, Plaintiff filed a Motion to Dismiss.

16. As of the filing of this complaint, Defendant has not yet dismissed this case and is continuing to pursue Plaintiff on this matter.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring it and its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it's agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692i(a)(2) | Brought any legal action in a location other than where the contract was signed or where the consumer resides |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Brock and Scott Holdings, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### (Violation of the North Carolina Debt Collection Act)

24. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as fully rewritten here.

25. In its attempt to collect the aforementioned alleged debt, Defendant violated the NCDCA in one or more of the following ways:

   a. Falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding in violation of N.C. Gen. Stat. §75-54(4)

   b. Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of the N.C. Gen. Stat. §75-54

   c. Bringing suit against the debtor in a country other than that in which the debt was incurred or in which the debtor resides if the distances and amounts involved would make it impractical for the debtor to defend the claim N.C. Gen. Stat. §75-55; and

   d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with NCDCA.

5

Case 5:10-cv-00207-FL   Document 1   Filed 05/20/10   Page 5 of 8

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Brock and Scott Holdings, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to N.C. Gen. Stat. §75-56(b):

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

**(Violation of the North Carolina Consumer Economic Protection Act)**

26. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as fully rewritten here.

27. In its attempt to collect the aforementioned alleged debt, Defendant violated the NCCEPA in one or more of the following ways:

　　a. Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. §58-70-110(4)

　　b. Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. §58-70-110(4); and

　　c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCCEPA.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Brock and Scott Holdings, Inc., for the following:

a. All actual compensatory damages suffered;

b. Statutory damages of $4,000 of each violation of the NCCEPA;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this honorable court

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

          **Respectfully submitted,**

          **BRUCE K. WARREN**

Date: May 4, 2010    BY:   */s/*
          Bruce K. Warren
          Attorney for Plaintiff
          Warren & Vullings, LLP
          1603 Rhawn Street
          Philadelphia PA 19111
          Ph: 215-745-9800
          Fax: 215-745-7880
          State Bar No. 89677

**RUTH ALLEN**

**Date: May 4, 2010**      **BY:**    <u>/s/</u>

                                      Ruth M. Allen
                                      Attorney for Plaintiff
                                      Hogan & Allen, PLLC
                                      7413 Six Forks Road, #326
                                      Raleigh, NC 27615
                                      Ph: 919.481.4141
                                      Fax: 866.321.9449
                                      <u>NC Bar No. 34739</u>
                                      Local Civil Rule 83.1 Counsel